IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAX MCCOY,<br><br>      Plaintiff,<br><br>v.<br><br>LUCAS MENNERICH, KELLIE ELLIS,<br>and TYLER JONES,<br><br>      Defendants. | Case No. 3:18-CV-1297-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court are the motions *in limine* filed by Plaintiff Max McCoy (Doc. 118) and Defendants Lucas Mennerich, Kellie Ellis, and Tyler Jones (Doc. 119). The Court held a Final Pretrial Conference on January 26, 2022. The motions *in limine* were filed on February 4, 2022. The Court discussed the motions *in limine* with counsel at the outset of trial on February 8, 2022. The Court rules as follows.

**I.**      **Legal Standard**

A federal district court's authority to rule on motions *in limine* is derived from its inherent authority to manage the course of a trial. *D.W.K. v. Abbott Labs., Inc. (In re Depakote)*, 87 F. Supp. 3d 916, 920 (S.D. Ill. 2015) (citing *Luce v. United States,* 469 U.S. 38, 41, n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984)). Motions *in limine* are intended "to avoid the delay and occasional prejudice caused by objections and offers of proof at trial." *Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999). Such motions perform a gatekeeping function by allowing a trial judge to eliminate evidence "that clearly ought not be

presented to the jury" because it would be inadmissible for any purpose. *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

As motion *in limine* rulings are preliminary, a federal district court reserves the power to make evidentiary rulings as a trial progresses and remains free to revisit or alter its earlier disposition of a motion *in limine*. *See Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013); *see also United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989). Evidence may only be excluded *in limine* when it is clearly inadmissible on all potential grounds. *Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp 1398, 1400 (N.D. Ill. 1993). A denial of a motion *in limine* does not mean that all evidence considered by the motion will be admitted at trial. *Id.*

## II.   Plaintiff Max McCoy's Motions *in Limine* (Doc. 118)

### a.  McCoy's Motion *in Limine* No. 1

McCoy asks the Court for an order to exclude evidence of the "specifics of his prior felony convictions."[1] He defines "specifics" as any detail beyond the fact that he was convicted of a felony and that he remains incarcerated. McCoy asserts that Defendants are likely to seek introduction of the specifics of his prior felony convictions under Federal Rule of Evidence 609 to attack his credibility. McCoy argues that Seventh Circuit precedent instructs that "presenting a § 1983 Plaintiff's criminal history to the jury presents a substantial risk that the jury will render a defense verdict based not on the evidence but on emotions or other improper motives, such as belief that bad people

---

[1] This does not include McCoy's conviction and ultimate guilty plea for assault of a non-party correctional officer at Menard Correctional Center related to the events at issue on June 16, 2017.

should not be permitted to recover from honorable police officers." *Barber v. City of Chicago*, 725 F.3d 702, 714 (7th Cir. 2013); *see also Wilson v. City of Chicago*, 6 F.3d 1233, 1236 (7th Cir. 1993) (holding that it was an error to admit details of the crimes underlying Plaintiff's incarceration). McCoy believes that any details of his prior convictions beyond the fact that he was convicted of a felony and that he remains incarcerated have no bearing on his credibility in this case. McCoy also argues that the probative value of the details of his prior felony convictions is outweighed by unfair prejudice. While his motion does not outline any details of his prior convictions, the Court discussed the nature of McCoy's underlying convictions with the parties before trial.

Rule 609 allows admission of evidence, subject to Rule 403, of prior criminal convictions for the purpose of impeaching a civil witness. Under Rule 403, this type of evidence may be excluded where the probative value is substantially outweighed by the danger of unfair prejudice. When used to attack a witness's character for truthfulness, the Seventh Circuit has made clear that there are boundaries regarding evidence of past felony convictions for the purpose of impeachment. "[A]ll that is needed to serve the purpose of challenging the witness's veracity is the elicitation of the crime charged, the date, and the disposition." *Gora v. Costa*, 971 F.2d 1325, 1330 (7th Cir. 1992). The Seventh Circuit also "emphasize[s] that evidence of current incarceration is highly prejudicial, and therefore courts should not be quick to admit such evidence" especially in civil rights cases. *Id.* at 1331.

Accordingly, the Court **GRANTS in part and DENIES in part** McCoy's first motion *in limine*. The Court agrees with McCoy that details of his felony convictions could

create unfair prejudice, and ultimately are not relevant to the issues of the case. Rule 609(a)(1)(A) allows Defendants to introduce a prior felony conviction for purposes of impeachment. The Court will allow Defendants to elicit the facts that McCoy is charged with a felony and is currently incarcerated for that felony. Allowing Defendants to discuss the crime charged would create unfair prejudice in this circumstance. Thus, to the extent that Defendants plan to inquire about McCoy's prior felony convictions to attack his credibility under Rule 609, they may do so within the boundaries set forth by the Seventh Circuit and this Court: that Mr. McCoy has been charged with a felony, that he remains in prison, and the date of his conviction.

### b. McCoy's Motion *in Limine* No. 2

McCoy requests to exclude evidence of the specifics of any of his witnesses' prior felony convictions. McCoy argues that, while Rule 609 allows introduction of convictions for crimes related to a witness's credibility and felony convictions that survive a Rule 403 examination, no conviction of any of his potential witnesses invokes concerns of capacity for truthfulness. McCoy also warns that potential for prejudice is great.

The Court's analysis as to McCoy's first motion *in limine* also applies here. Thus, the Court **GRANTS in part and DENIES in part** McCoy's second motion *in limine*. The Court agrees with McCoy that details of his witnesses' felony convictions could create unfair prejudice, and ultimately are not relevant to the issues of the case. Rule 609(a)(1)(A) allows Defendants to introduce a prior felony conviction for purposes of impeachment. The Court will allow Defendants to elicit the facts that a particular witness is charged with a felony and is currently incarcerated for that felony. Allowing Defendants to

discuss the crimes charged would create unfair prejudice in this circumstance. Thus, to the extent that Defendants plan to inquire about any of McCoy's witnesses' prior felony convictions to attack credibility under Rule 609, they may do so within the boundaries set forth by the Seventh Circuit and this Court: that the witness has been charged with a felony, that he remains in prison, and the date of his conviction.

### c. McCoy's Motion *in Limine* No. 3

McCoy seeks an order to exclude his disciplinary records outside of records relating to the underlying events on June 16, 2017. McCoy argues that evidence of a crime, wrong, or other act is not admissible to prove a person's character to show that on a particular occasion the person acted in accordance with that character under Federal Rule of Evidence 404(b)(1). McCoy also asserts that Rule 402 renders evidence of McCoy's disciplinary records inadmissible due to relevancy concerns.

Rule 404(b)(1) describes prohibited uses of evidence of other crimes, wrongs, or acts such as to prove a person's character to show that on a particular occasion the person acted in accordance with the character. Rule 404(b)(2), however, establishes that such evidence may be "admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

Because Defendants may plan to use the disciplinary records for a purpose other than the prohibited use in 404(b)(1), the Court **DENIES** McCoy's third motion *in limine*. As to McCoy's point on relevancy, the Court will evaluate relevancy during trial depending on what records Defendants intend to introduce and for what purpose.

### d. McCoy's Motion *in Limine* No. 4

McCoy asks the Court for an order to exclude evidence of McCoy's unrelated litigation. He argues that evidence of other litigation is irrelevant to any issue in this case and, therefore, is inadmissible pursuant to Rule 402. Defendants do not object to this motion. Thus, the Court **GRANTS** McCoy's fourth motion *in limine*, and evidence of his unrelated litigation shall be excluded.

### e. McCoy's Motion *in Limine* No .5

McCoy moves to exclude evidence regarding general risks faced by correctional officers. He argues such evidence is inadmissible under Rules 401 and 402. McCoy also argues that such evidence amounts to impermissible character evidence fitting into none of the exceptions of Rule 404(b).

Evidence pertaining to the general risks faced by correctional officers likely does not have any tendency to make any fact of consequence in this particular action more or less probable. Without knowing, however, what evidence Defendants would produce and how they plan to use such evidence, the Court cannot determine its relevance at this time. Accordingly, the Court **DENIES** McCoy's fifth motion *in limine*. The Court will evaluate relevancy during trial depending on what records Defendants intend to introduce and for what purpose.

### f. McCoy's Motion *in Limine* No. 6

McCoy asks the Court for an order to exclude evidence about Defendants' commendations or awards and to bar bolstering. McCoy states that he does not intend to attack the character of Defendants based on reputation or unrelated events. He argues

that testimony regarding commendations or awards is hearsay and leads to improper bolstering. Defendants do not object to this motion. Thus, the Court **GRANTS** McCoy's sixth motion *in limine*, and evidence of Defendants' commendations or awards shall be excluded.

### g. McCoy's Motion *in Limine* No. 7

McCoy requests to bar testimony that "anyone can file a lawsuit." He argues that this is a strategy commonly used by defense counsel in § 1983 actions. McCoy further asserts that this type of argument is one-sided, self-serving, misleading, highly prejudicial, and unsupported. Defendants do not object to this motion. Thus, the Court **GRANTS** McCoy's seventh motion *in limine*, and evidence related to an "anyone can file a lawsuit" argument is barred.

### h. McCoy's Motion *in Limine* No. 8

In his last motion *in limine*, McCoy asks the Court to bar testimony or argument that a ruling in his favor would result in higher taxes or would be paid by taxpayers. McCoy argues that reference to taxpayer liability would obviously create bias and prejudice against him, which could lead to jurors making decisions out of personal financial interest instead of the facts. The Seventh Circuit instructs that an appeal to jurors' pecuniary interests as taxpayers is improper. *See Moore ex rel. Estate of Grady v. Tuelja,* 546 F.3d 423, 429 (7th Cir. 2008). Defendants do not object to this motion. Thus, the Court **GRANTS** McCoy's eighth motion *in limine*, and evidence or argument regarding the tax implications of a favorable verdict for McCoy is barred.

### III. Defendants' Motions *in Limine* (Doc. 119)

    a. Defendants' Motion *in Limine* No. I

Defendants ask the Court to bar McCoy or any of his disclosed witnesses from testifying about the causation of any medical or mental health condition. Specifically, Defendants anticipate that McCoy will testify that the actions of each Defendant caused his injuries and that he will suffer long-term effects from those injuries. Defendants argue that McCoy, as a layperson and not a physician or psychiatrist, should not be allowed to offer any medical opinions under Federal Rule of Evidence 701. *See Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001) (holding that a state prisoner wholly lacking medical knowledge was incompetent to testify to the causal relation between an event and a subsequent medical condition). Defendants agree that McCoy can testify to his own experiences but should not be permitted to testify regarding any long-term effects from Defendants' alleged actions.

McCoy has not disclosed any expert witnesses under Federal Rule of Civil Procedure 26(a)(2), and the time to do so has expired. McCoy, and any of his disclosed lay witnesses, will be limited, under Rule 701, to offer opinion testimony only to the extent that it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge." They are entitled to testify about their own perceptions and experiences, including the subjective physical and emotional symptoms or effects of Defendants' alleged conduct, but they cannot offer medical opinions requiring any scientific, technical, or other specialized knowledge.

Accordingly, the Court **GRANTS in part** Defendants' first motion *in limine* to the extent McCoy attempts to bring in expert medical testimony and **DENIES in part** the motion to the extent McCoy or any lay witness testifies regarding their subjective symptoms and their own personal observations and experiences.

### b. Defendants' Motion *in Limine* No. II

Defendants request that the Court bar McCoy from offering inadmissible hearsay statements of any medical or mental health professional. Defendants acknowledge that McCoy's out-of-court statements made to medical professionals for the purposes of treatment are admissible, however, the out-of-court statements made *by* a medical professional to McCoy, not contained in admissible medical records, and offered by McCoy are inadmissible hearsay under Federal Rules of Evidence 801, 802, 803, and 804.

Without knowing for what purposes McCoy intends to offer statements made by a medical professional, the Court cannot properly evaluate whether the evidence qualifies as inadmissible hearsay. For example, such statements by medical providers may be offered for a purpose other than proving their truth. Thus, the Court **DENIES in part and RESERVES RULING in part** on second motion *in limine*.

### c. Defendants' Motion *in Limine* No. III

Defendants seek an order to bar McCoy from offering testimony or otherwise suggesting, referencing, or eliciting any testimony that the State of Illinois will indemnify defendants. McCoy does not object to this motion. Thus, the Court **GRANTS** Defendants' third motion *in limine*, and any evidence related to the state's indemnification of Defendants is prohibited.

### d. Defendants' Motion *in Limine* No. IV

In their fourth motion *in limine*, Defendants ask the Court to bar McCoy and any of his witnesses from testifying about whether Defendants followed Illinois Department of Corrections ("IDOC") policies and procedures. Defendants argue that a violation of policy is not relevant to the issue of whether they violated McCoy's constitutional rights, and further, mention of policy will only confuse the jury.

Demonstrating violations of IDOC policies and procedures will likely not help determine whether any Defendant exhibited reasonable behavior in the constitutional context. *See Thompson v. City of Chicago,* 472 F.3d 444, 454 (7th Cir. 2006); *see also Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003) (holding that "42 U.S.C. protects plaintiffs from constitutional violations, not violations of state law or…departmental regulations and police practices."). One factor of consideration for the factfinder, however, under McCoy's Eighth Amendment claim, is whether Defendants were acting pursuant to a policy or practice of the prison that, in the reasonable judgment of prison officials, was needed to preserve security or order. To Defendants' point about creating confusion, a jury instruction can be used to eliminate confusion regarding the difference between violating an IDOC policy or practice and violating a constitutional right. As such, the Court will not bar this type of evidence entirely. Accordingly, the Court **DENIES in part** Defendants' fourth motion *in limine* **and RESERVES RULING in part** to evaluate the admissibility of such evidence during trial depending on what the parties intend to introduce regarding IDOC policies and practices and for what purpose.

### e. Defendants' Motion *in Limine* No. V

Defendants ask the Court to prohibit McCoy from offering evidence or testimony of other lawsuits involving Defendants. They argue, primarily, that such testimony is unfairly prejudicial, would not be relevant under Federal Rule of Evidence 401, and constitutes inadmissible character evidence under Rule 404(b).

Similar to the Court's ruling on McCoy's fourth motion *in limine,* any evidence of unrelated litigation involving Defendants is irrelevant. Thus, the Court **GRANTS** Defendants' fifth motion *in limine*, and evidence of unrelated lawsuits involving Defendants shall be excluded.

### f. Defendants' Motion *in Limine* No. VI

Defendants move to prohibit McCoy from offering evidence or testimony of any misconduct, reprimand, or grievance issued against them. They argue that such testimony is unfairly prejudicial, would not be relevant under Federal Rule of Evidence 401, and constitutes inadmissible character evidence under Rule 404(b). McCoy does not object to this motion. Thus, the Court **GRANTS** Defendants' sixth motion *in limine*, and any evidence related to misconduct, reprimands, or grievances issued against Defendants shall be excluded.

### g. Defendants' Motion *in Limine* No. VII

In their final motion *in limine*, Defendants ask the Court to prohibit any "Golden Rule" appeal asking the jurors to place themselves in McCoy's position. McCoy does not object to this motion. Thus, the Court **GRANTS** Defendants' seventh motion *in limine*, and any "Golden Rule" type of appeal is barred.

CONCLUSION

For the reasons set forth above, the Court **GRANTS in part, DENIES in part, and RESERVES RULING in part** on Plaintiff's Motion *in Limine* (Doc. 118). The Court also **GRANTS in part, DENIES in part, and RESERVES RULING in part** on Defendants' Motion *in Limine* (Doc. 119).

**IT IS SO ORDERED.**

**DATED: February 8, 2022**

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**